DOCKET NO. 495

MAR -8 1982

3/8/82

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION
FUND "WITHDRAWAL LIABILITY" LITIGATION

ORDER DENYING TRANSFER*

This litigation consists of four actions pending in
two districts -- three actions in the Northern District
of Illinois and one action in the District of Minnesota.
Presently before the Panel is a motion by plaintiffs in
the Minnesota action to centralize the four actions pursuant
to 28 U.S.C. §1407 in a single forum for coordinated or
consolidated pretrial proceedings.1/  Plaintiff in one of
the Illinois actions supports the motion.  Plaintiffs in
the remaining two Illinois actions and Central States, Southeast
and Southwest Areas Pension Fund (the Pension Fund), the
common defendant in the four actions, oppose transfer.

On the basis of the papers filed and the hearing held,
we find that Section 1407 transfer would neither serve the
convenience of the parties and witnesses nor further the
just and efficient conduct of the litigation.  The four
actions in this docket involve challenges to the Multiemployer
Pension Plan Amendments Act of 1980 (MPPAA).  On the basis
of the record before us, however, the predominant, and perhaps
only, common aspect in these actions are legal questions
relating to the constitutionality of MPPAA.  Factual issues
involve primarily unique questions pertaining to the individual
circumstances under which the Pension Fund is attempting
to impose withdrawal liability on the different plaintiffs
in each of the actions. Since these actions involve common
questions of law and share few, if any, questions of fact,
transfer under Section 1407 is inappropriate.  See In re
Environmental Protection Agency Pesticide Listing
Confidentiality Litigation, 434 F. Supp. 1235 (J.P.M.L.
1977); In re Natural Gas Liquids Regulation Litigation,

---

*     Judges Roy W. Harper and Sam C. Pointer, Jr., took
no part in the decision of this matter.

1/    After filing their original motion, movants, on February
23, 1982, attempted to amend their Section 1407 motion to
include four more actions.  The amended motion was filed
too late for the additional actions to be included in the
hearing held in this docket on February 25, 1982.  In light
of the Panel's decision herein to deny centralization in
this litigation, further consideration of those actions
by the Panel has become moot.

-2-

434 F. Supp. 665 (J.P.M.L. 1977); <u>In re Eastern Airlines,</u>
<u>Inc. Flight Attendant Weight Program Litigation</u>, 391 F.
Supp. 763 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the motion for transfer
pursuant to 28 U.S.C. §1407 of the actions listed on the
attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

## Schedule A

<u>MDL-495 -- In re Central States, Southeast and Southwest Areas
Pension Fund "Withdrawal Liability" Litigation</u>


   <u>District of Minnesota</u>
Witte Transportation Co., et al. v. Central States,
   Southeast and Southwest Areas Pension Fund, et al.,
   C.A. No. 4-81-472
      <u>Northern District of Illinois</u>
Johnson Motor Lines, Inc., et al. v. Central States,
   Southeast and Southwest Areas Pension Fund,
   C.A. No. 81C3703
Transport Motor Express, Inc., et al. v. Central States,
   Southeast and Southwest Areas Pension Fund,
   C.A. No. 81C4535
Avnet, Inc. v. Central States, Southeast and Southwest
   Areas Pension Fund, C.A. No. 81C6132